UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANE MARLOR,

    Plaintiff,

v.

INTEGRITY PROSTHETICS AND
ORTHOTICS, LLC, a Florida limited
liability company, and CLARENCE "ED"
CROWE, an individual.

    Defendants.
_____/

Case No:

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff JANE MARLOR ("Plaintiff") hereby sues Defendants, INTEGRITY PROSTHETICS AND ORTHOTICS, LLC, ("IPO") a Florida limited liability company, and CLARENCE "ED" CROWE ("CROWE), an individual who owns, operates and manages IPO (collectively "Defendants"), and states as follows:

**INTRODUCTION**

1. This is an action brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq.* ("FLSA"), for failure to pay overtime compensation owed to Plaintiff and for breach of contract in violation of Florida law for failure to pay commissions due to Plaintiff pursuant to the terms of a written contract between IPO and Plaintiff.

**JURISDICTION, VENUE AND PARTIES**

2. This Court has original jurisdiction over Plaintiff's claims arising under the FLSA pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's breach of contract claim under state law as the claim for breach of contract arises out of a common nucleus

of operative facts.

3. Venue is appropriate in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391, as the events giving rise to Plaintiff's claims occurred in Polk County, Florida.

4. IPO is a Florida limited liability company that has its principal place of business in Polk County, Florida.

5. Crowe is the sole owner and sole Manager of IPO. Crowe has operational control of the business and is involved in and controls the day-to-day management of the business as well as the formulation of the compensation methods that denied Plaintiff overtime compensation for hours worked over 40 in violation of the FLSA.

6. IPO is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

7. At all material times, Plaintiff was employed by Defendants within the meaning of 29 U.S.C. § 203(e)(1).

8. At all material times, Defendants were employers of Plaintiff within the meaning of 29 U.S.C. § 203(d) and 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

9. Defendants own, operate and manage a medical prosthetics and orthotics business.

10. IPO hired Plaintiff on or about August 31, 2009, pursuant to the terms of a written contract, a true and correct copy of which is attached hereto as Exhibit A (the "Contract").

11. Plaintiff's duties under the Contract were to perform orthopedic bracing. IPO would receive notice from a hospital, physician or patient for whom bracing was prescribed.

Upon receipt of that notice, Plaintiff was assigned to evaluate the patient for the bracing device to be applied and would measure and fit the patient for the device. Plaintiff would then provide post-fitting instructions regarding the use of the brace.

12. For each brace fitted by Plaintiff, IPO agreed to pay Plaintiff a commission of 50% of revenue paid to IPO less the cost of the goods sold (i.e., the brace).

13. Although Plaintiff and IPO agreed to this written compensation plan, IPO unilaterally reduced Plaintiff's compensation by an additional 10% without Plaintiff's consent. In addition, IPO repeatedly failed to compensate Plaintiff for braces fitted by Plaintiff for which IPO had been paid. Indeed, IPO did not pay Plaintiff for 152 braces fit by Plaintiff between September 1, 2009 and December 31, 2009 or for Halo braces fit by Plaintiff throughout her employment with IPO.

14. In March 2012, Defendants converted Plaintiff's compensation package from commission to an annual salary of $85,000.00, in addition to payment of $100 every other weekend to carry a pager while on call. When on call, Plaintiff was required to be available within two hours of being summoned to the hospital.

15. From March 2012 until March 2013, Plaintiff regularly worked in excess of 40 hours per week, including on call time during weekends, but was not paid overtime for such excess hours.

16. Plaintiff has retained the services of Shankman Leone P.A., and is obligated to pay her legal counsel reasonable attorney's fees for their services.

## COUNT I
**Breach of Contract**

17. Plaintiff restates and incorporates herein her allegations in paragraphs numbered 1

3

through 16 above.

18.  Pursuant to the terms of the Contract, Defendants agreed to pay Plaintiff 50% of the revenues received for each brace fitted by Plaintiff but failed to pay such sums.

19.  Defendants' failure to compensate Plaintiff under the terms of the Contract between them constitutes a breach of contract for which IPO is liable.

WHEREFORE, Plaintiff requests that this Court enter judgment against IPO for breach of contract in violation of Florida law, and award Plaintiff her damages for such breach, in addition to her attorneys' fees and costs incurred, and award such other relief as the Court deems just and appropriate.

## COUNT II

### (Violations of the Overtime Requirements of the FLSA)

20.  Plaintiff restates and incorporates herein her allegations in paragraphs numbered 1 through 19 above.

21.  Plaintiff regularly worked in excess of forty (40) hours a workweek while employed by Defendants.

22.  Defendants failed to pay Plaintiff for any overtime hours worked.

23.  Defendants' failure to pay Plaintiff overtime compensation for all hours worked over forty (40) in any workweek violates the FLSA. 29 U.S.C. § 207; 29 C.F.R. §531.60.

24.  Defendants' violations of the FLSA were willful, as Defendants either knew their conduct was prohibited, or showed reckless disregard as to whether their conduct was prohibited. Accordingly, Plaintiff is entitled to seek unpaid overtime wages for a period of three years.

WHEREFORE, Plaintiff respectfully requests that this Court issue an Order in favor of

Plaintiff and against Defendants, jointly and severally, awarding damages in the amount of the unpaid overtime compensation, awarding liquidated damages pursuant to 29 U.S.C. § 216(b), awarding reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), and awarding all such other relief as the Court deems just and appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

DATED: JUNE 12, 2014

SHANKMAN LEONE P.A.

_____
David S. Shankman
dshankman@shankmanleone.com
609 E. Jackson Street, Suite 100
Florida Bar No. 0940186
Tampa, Florida 33602
Phone: (813) 223-1099; Fax: (813) 223-1055
Attorney for Plaintiff