UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANE MARLOR,

    Plaintiff,

vs.                                                                                   Case No. 8:14-CV-1404-T-EAK-AEP

INTEGRITY PROSTHETICS AND
ORTHOTICS, LLC., et al.,

    Defendants.
_____/

## ORDER DENYING MOTION TO DISMISS

This matter comes before the Court pursuant to Defendants' Motion to Dismiss Second Amended Complaint for Want of Jurisdiction (Doc. 49) and Plaintiffs' Response in Opposition, (Doc. 57). For the reasons below, Defendant's motion is denied.

## BACKGROUND

The Second Amended Complaint (Doc. 44) was filed against Integrity Prosthetics and Orthotics, LLC (Integrity) and Clarence "Ed" Crowe (Crowe) pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq.* (FLSA). The second amended complaint alleges the following facts which are accepted as true for the purposes of resolving this motion.

1. Defendants own, operate and manage a medical prosthetics and orthotics business and they hired the Plaintiff in August 2009 pursuant to a contract.[1] Under that contract, the Plaintiff was to perform orthopedic bracing, so that, when a notice was received regarding a prescribed brace, she was assigned to "evaluate the patient for the bracing device to be applied and...measure and fit the patient for the device. Plaintiff would then provide post-fitting instructions regarding the use of the brace."

2. The Plaintiff was to be paid a commission of 50% of the revenue paid to the Defendants, less the cost of the goods sold, for each brace fitted.

3. Although Plaintiff and Defendants agreed to this written compensation plan, Defendants unilaterally reduced Plaintiff's compensation by an additional 10% without Plaintiff's consent. The Defendants repeatedly failed to compensate Plaintiff for braces fitted by Plaintiff for which the Defendants had been paid. Indeed, Defendants did not pay Plaintiff for 152 braces fit by Plaintiff between September 1, 2009 and December 31, 2009, or for Halo braces fitted by Plaintiff throughout her employment.

4. The Defendants converted the compensation package, in March 2012, to an annual salary of $85,000.00 with a $100 payment every other weekend to carry a pager, be on call, and be within two hours of the hospital.

5. Plaintiff worked in excess of 40 hours a week, including on call time, on a regular basis but was not paid overtime for the excess hours.

(Doc. 44, pg. 3).

The second amended complaint set out the following causes of action: Count I Breach of Contract as to Integrity, Count II Violation of the FLSA as to both defendants, Count III Retaliation in violation of the FLSA as to both defendants, Count IV Defamation as to both defendants, and Count V for Tortious Interference with Advantageous Business Relationships.

---

[1]. The contract is appended to the first amended complaint. The contract states at the top it is an "Independent Contractor Agreement" and the relevant section states: "The Employer agrees to employ the Employee as an Orthotist to fit, deliver, adjust and follow up of orthotic devices to patients, and the Employee agrees to be employed on the terms and conditions set out in this Agreement. The Employee agrees to be subject to the general supervision of and act pursuant to orders, advice and direction of the Employer."

**STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 8(a)(2), a Plaintiff's complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." A Defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim on which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "While a complaint attacked by a [Rule] 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide grounds of his [or her] entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (second alteration in original) (citation omitted) (internal quotation marks omitted).

On a Rule 12(b)(6) motion to dismiss, a court must "accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." Alvarez v. Attorney Gen. for Fla., 679 F.3d 1257, 1261 (11th Cir. 2012). Courts follow a two-prong approach when considering a motion to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)). If "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," then the claim meets the "plausibility

requirement," but it requires "more than a sheer possibility" that the allegations are true. Id. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned […] accusation." Id. (quoting Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265 (1986)).

## DISCUSSION

The first question is whether or not the motion to dismiss should be denied for being untimely filed. The Plaintiff asserts that the motion was due, pursuant to Rules 6 and 15, Fed.R.Civ.P., to be filed by December 29, 2014 but was not filed until January 6, 2015 and the Defendants failed to seek an extension of time to file the motion out of time. The Court recognizes that the motion was in fact filed out of time and the motion could be denied on that basis but the Court feels that consideration of the merits of the motion is appropriate.

The next issue the Court will address is the claim that the complaint is a shotgun pleading and under the relevant standard should be dismissed for that reason. The Court having reviewed the second amended complaint does not agree. The complaint is a coherent and well-pled statement of the alleged facts, not conclusion but facts, which if proven could result in a verdict for the Plaintiff. This leads directly to the claim of the Defendants that the Court must dismiss the case because the Plaintiff has established by her own allegations that she is exempt from the FLSA but these claims are not to be decided on a motion to dismiss as they are factual in nature. They may be resolved on motion for summary judgment but are certainly premature at this time.

The remainder of the motion to dismiss is equally not well-taken and are in some instances actually not clearly articulated or supported.  The Court finds that the response from the Plaintiff successfully rebuts the allegations of the motion to dismiss.  Accordingly, it is

**ORDERED** that  Motion to Dismiss Second Amended Complaint for Want of Jurisdiction (Doc. 49) is **denied and the Defendants shall have up to and including May 18, 2015 to answer the second amended complaint.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 7th day of May, 2015.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:     All Counsel and Parties of Record